UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI P.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No.: 19-cv-00956-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF EAJA ATTORNEY'S FEES**<br><br>**[ECF No. 18]** |

　　Before the Court is the parties' Motion with Joint Stipulation for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).[1] (ECF No. 18.) The parties seek the Court's approval of their stipulation to award Plaintiff $7,500 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). For the reasons discussed below, the parties' joint motion is **GRANTED**.

///

---

[1] The Court construes the parties' "motion with joint stipulation" as a joint motion. *See* CivLR 7.2.b. ("Any stipulation for which court approval is sought must be first filed as a 'joint motion.'").

1

# I. BACKGROUND

On May 22, 2019, Plaintiff filed a complaint pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review the Commissioner of Social Security's decision to deny her application for a period of disability and disability insurance benefits. (ECF No. 1.)

On November 23, 2020, the Court granted Plaintiff's Motion for Summary Judgment, denied the Commissioner's Cross-Motion for Summary Judgment, and entered judgment reversing the decision of the Commissioner and remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 17.)

On December 28, 2020, the parties filed the instant joint motion requesting that Plaintiff be awarded $7,500 in attorney's fees under the EAJA and no costs under 28 U.S.C. § 1920. (ECF No. 18 at 1.)

# II. DISCUSSION

A litigant is entitled to attorney's fees under the EAJA if: "(1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable." *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002)); *see also* 28 U.S.C. § 2412(d)(1)(A).

**A.   Plaintiff is the prevailing party.**

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)). The prevailing party is eligible to seek attorney's fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, upon expiration of the time for appeal." *Akopyan*, 296 F.3d at 854 (citation omitted) (citing *Schaefer*, 509 U.S. at 297). Under Federal Rule of Appellate Procedure 4(a)(1)(B), the time for appeal expires sixty days after entry of judgment if one of the parties is a United States officer sued in an

1  official capacity.  Therefore, a motion for attorney's fees filed after a sentence four remand
2  is timely if filed within thirty days after Rule 4(a)'s sixty-day appeal period has expired.
3  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 602 (9th Cir. 2007).

4  Here, as stated above, the Court entered judgment reversing the decision of the Commissioner and remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 17.)  Plaintiff is therefore the prevailing party for purposes of the instant fee motion.  *See Akopyan*, at 854.  Additionally, the fee motion is timely, for the Court entered judgment on November 23, 2020, and the parties moved for a fee award on December 28, 2020.  (ECF Nos. 17; 18.)

**B.      The Commissioner has not shown that his position was substantially justified.**

The Commissioner bears the burden of showing that his position was substantially justified.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).  To meet this burden, the Commissioner "must advance a position that is 'justified in substance or in the main— that is, justified to a degree that could satisfy a reasonable person.'"  *Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008) (quoting *United States v. Marolf*, 277 F.3d 1156, 1161 (9th Cir. 2002)).  "A substantially justified position must have a reasonable basis in both law and fact."  *Gutierrez*, 274 F.3d at 1258 (citing *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)).

In their joint motion, the parties state that their "stipulation constitutes a compromise of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of the [Commissioner] under the EAJA or otherwise."  (ECF No. 18 at 2.)  Although the Commissioner makes no "admission of liability," he does not argue that his position was substantially justified, and the fee request comes to the Court by way of joint motion.  *See, e.g.*, *Black v. Berryhill*, Case No.: 18cv1673 JM (LL), 2019 WL 2436393, at *1 (S.D. Cal. June 11, 2019) ("[I]n light of the joint nature of the parties' request and the court's prior order remanding this action, the government has not shown that its position was substantially justified.").  Accordingly, the Court finds that the

///

Commissioner has not met his burden to show, nor attempts to argue that, his position was substantially justified.

**C.     Plaintiff's requested fees are reasonable.**

"EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (alteration in original).  The court may award reasonable attorney's fees "based upon prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A).  However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* § 2412(d)(2)(A)(ii).

Here, Plaintiff's counsel, Josephine M. Gerrard, billed at an hourly rate of $205.25 for the work she completed in this case in 2019 and an hourly rate of $206.77 for the work she completed in 2020.  (ECF No. 18 at 7–8.)  The parties do not provide any justification for an hourly rate above the $125 statutory-rate in their joint motion.  However, the Ninth Circuit's hourly EAJA rate, which factors in an increase for cost of living, is $205.25 for work performed in 2019 and $207.78 for work performed in 2020.  *Statutory Maximum Rates Under the Equal Access to Justice Act*, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited February 3, 2021).  Pursuant to 28 U.S.C. § 2412(d)(2)(A)(ii), the Court finds that a cost-of-living increase is justified here, and Ms. Gerrard's hourly rates of $205.25 and $206.77 are therefore reasonable.  *See also Thangaraja v. Gonzalez*, 428 F.3d 870, 876 (9th Cir. 2005) ("EAJA provides for an upward adjustment of the $125 rate contained in the statute, based on cost-of-living increases.").

A record of Ms. Gerrard's billed hours in this case shows that she recorded a total of 59.3 hours of work, amounting to $12,176.86.  (ECF No. 18 at 7–8.)  The parties, however, have agreed to a fee reduction, and Plaintiff requests $7,500 in compensation.  (*Id.* at 2.) The Court finds the $7,500 fee request reasonable in light of this reduction and given that

Ms. Gerrard was the sole attorney who prepared and filed Plaintiff's Motion for Summary Judgment as well as the reply to the Commissioner's Cross-Motion for Summary Judgment. *See also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) ("[C]ourts should generally defer to the 'winning lawyer's professional judgment as to how much time [s]he was required to spend on the case.'" (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008))).

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion (ECF No. 18) and awards Plaintiff $7,500 in attorney's fees pursuant to the EAJA, subject to the terms of the joint motion.

**IT IS SO ORDERED.**

Dated: February 4, 2021

*[signature]*
Hon. Jill L. Burkhardt
United States Magistrate Judge